7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,      No. 07-20400

-vs-            HON. JULIAN ABELE COOK JR.

D-3 DAVID DORRIS,     OFFENSE: VIOLENT CRIMES IN AID OF
             RACKETEERING ACTIVITY  –18
             USC1959(A)(3)

             STATUTORY MAXIMUM PENALTIES: 3
             YEARS AND A $250,000 FINE

**FILED**

Defendant.

             /  **JUL 3 0 2009**

### RULE 11 PLEA AGREEMENT

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant,

DAVID DORRIS, and the government agree as follows:

1. GUILTY PLEA(S)

  A. **Count(s) of Conviction**

Defendant will enter a plea of guilty to **an amended Count Two** which

charge(s) him with Assault with a Dangerous Weapon, and for which the penalty is a

maximum 3 years imprisonment and a maximum $250,000 fine.

  B. **Factual Basis for Guilty Plea(s)**

The following facts are a sufficient and accurate basis for the defendant's guilty

plea:  On April 1, 2006, defendant traveled to South Bend Indiana for purpose of

– 1 –


GOVERNMENT
EXHIBIT
/

attending a swap meet.  When members of the Outlaws Motorcycle Club and the Hells

Angel Motorcycle Club began fighting, the defendant jumped in and assaulted a Hells

Angel member with a motorcycle part.  As a result of this, the Hells Angel member

sustained bodily injuries, including cuts and bruises to the face, which were treated at a

local hospital.

**2.     SENTENCING GUIDELINES**

**A.     Standard of Proof**

The Court will find sentencing factors by a preponderance of the

evidence.

**B.     Guideline Range**

The government recommends that the Court determine that defendant's

guideline range is **15-21** months, as set forth on the attached worksheets.  The Court is

not bound by either party's recommendation concerning the guideline range, and

defendant understands that he will have no right to withdraw his guilty plea if the Court

does not follow this recommendation.  *The government agrees not to pursue any*

*additional charges arising out of criminal activity of which the government has*

*knowledge as of the date of this plea.  Additionally, the defendant reserves the right to*

*argue medical condition, age, and other relevant factors as mitigating circumstances to*

*be taken into account at the time of sentencing.*

If the Court finds:

a) that defendant's criminal history category is higher than reflected on

the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in either party's recommended range. Neither party may take a position in this Court contrary to any position of that party reflected on the worksheets or worksheet addendum, except as necessary to the Court's determination regarding subsections a) and b), above.

**3.     SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

### A.     Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government as described in Paragraph 2B.

### B.     Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment.

There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **2 to 3 years**.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.      Special Assessment(s)

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.      Fine

The Court may impose a fine on each count of conviction in any amount up to **$250,000**.

## 4.      Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B) , defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 5.      OTHER CHARGES

If the Court accepts this agreement, the government will dismiss any outstanding charges.  In addition, the government will not bring additional charges against defendant based on any of the conduct reflected in the attached worksheets.

## 6.      Each Party's Right To Withdraw From This Agreement

– 4 –

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 7.   RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 8.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to

– 5 –

challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

TERRENCE BERG
United States Attorney


_____
Kathryn McCarthy
Assistant United States Attorney
Chief, Controlled Substances Unit

_____
Diane L. Marion
Assistant United States Attorney


By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms.  He also acknowledges that he is

satisfied with his attorney's advice and representation.  Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
Ernst Wendl
Attorney for Defendant

_____
David Dorris
Defendant

Date:  7-27-09